IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00062-RM-KLM

WESTON HERRING, on behalf of himself and others similarly situated,

    Plaintiff,

v.

THUNDER RIDGE TRUCKING & FILTRATION, INC.,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Conditional Class Certification** [#20] (the "Motion"). Defendant filed a Response [#22] indicating it is not opposed to the Motion. Plaintiff seeks conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). The FLSA establishes the minimum rates of pay and "time-and-a-half" for time worked over forty hours per week. Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Court finds here that Plaintiff has demonstrated that the potential class members are similarly situated and that a reasonable basis exists to conditionally certify a collective action:

> In this case, all truck pushers working for Thunder Ridge during the Relevant Time Period suffered due to Thunder Ridge's illegal payment practices. Those violations arise from Thunder Ridge's policy or practice of refusing to pay overtime compensation in exchange for the substantial amount of overtime hours that Thunder Ridge requires its truck pushers to work. Thunder Ridge's failure to pay its truck pushers overtime compensation for the substantial amount of overtime hours that they worked each week establishes a basic factual scenario experienced not only by Plaintiff, but by all of Thunder Ridge's truck pushers as well.

*Motion* [#20] at 8 (internal citations omitted); *see also Brown v. Money Tree Mortg. Inc.*, 222

F.R.D. 676, 679 (D. Kan. 2004) (noting the "lenient" standard used to conditionally certify a collective action under the FLSA).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#20] is **GRANTED**, as follows:

(1) The Court conditionally certifies a collective class consisting of: "All current and former truck pushers who are or were employed by Thunder Ridge at any time from January 9, 2012 to the present."

(2) **On or before August 14, 2015**, Defendant shall produce a list of names and last known mailing addresses, email addresses and telephone numbers for all current and former truck pushers who worked for Thunder Ridge during the relevant period.

(3) The Court authorizes Plaintiff to disseminate the suggested notice to potential members of this class action.  See [#20-2].

(4) The notice period for potential class members shall extend through **October 13, 2015**.

Dated:  July 29, 2015